Fidelity Mutual Fire Insurance Company, a corporation of the State of Pennsylvania, *vs.* Alexander J. Hart and James A. Hart, trading as Hart & Bro.

*Foreign Corporation—Non Resident—Security for Costs.*

A foreign corporation, although it has complied with all the laws of this State for doing business in the State, and has an authorized agent here upon whom process may be served, is held to be a non resident in the contemplation of the statute, and is required to give security for costs.

*(December 10, 1898.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J. sitting.

*Peter L. Cooper, Jr.,* for plaintiff.

*William Michael Byrne* for defendants.

Superior Court, New Castle County, November Term, 1898.

ACTION on the case (No. 167, May T., 1898).

Defendants' counsel made a motion for a rule for security for costs, contending, among other things, that although *Revised Code, 304-305, Sec. 5,* provides that a foreign fire insurance company may obtain a certificate to do business in the State of Delaware, and although by *Revised Code, 305, Sec. 7,* such company must appoint an agent upon whom process may be served, such a company not incorporated by the laws of the State of Delaware, does not by such license and requirement become a domestic corporation, and in instituting a suit in the Courts of Delaware will be considered a non-resident plaintiff. It is so treated for the purposes of taxation.

*Laws of Delaware, Vol. 20, Sec. 2, 326.*

*Mr. Cooper* simply asked for the construction by the Court of the statute, as to whether or not a company which had complied with all the laws of the State for doing business in the State, and having an authorized agent upon whom process may be served, would be considered a non-resident plaintiff and required to give security for costs.

Without hearing the case further argued, the Court held that such company was a non-resident in contemplation of the statute, and the rule was made absolute and security for costs ordered to be given.